IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREW VAUGHN, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CIVIL NO. 04-942-PMF |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

**FRAZIER, Magistrate Judge:**

Plaintiff, Andrew Vaughn, Sr., seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability benefits. Mr. Vaughn's August, 2001, application was rejected following an administrative determination that he was not disabled. The decision became final when the Appeals Council declined to review a decision reached by an Administrative Law Judge (ALJ). Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g).

To receive disability benefits, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A).

The Social Security regulations provide for a five-step sequential inquiry that must be

followed in determining whether a claimant is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id*.

At the time of the ALJ's decision, plaintiff was 61 years old. He had 14 years of formal education, vocational training, and work experience as a construction laborer, construction flagger, and punch press operator.

The ALJ evaluated plaintiff's application through Step 4 of the sequential analysis and found that plaintiff was insured for disability benefits through March 31, 1997. Plaintiff had severe impairments (obesity and degenerative arthritis) that did not meet or equal one of the impairments listed in the Social Security regulations. The ALJ also determined that despite his impairments, plaintiff retained the ability to perform the requirements of a full range of light work activity during the relevant period. The ALJ also decided that plaintiff was not disabled because he could return to his former occupation as a construction flagger (R. 16-21).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

*Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

## I.     Development of the Administrative Record

Plaintiff argues that the ALJ erred by failing to seek clarification of medical opinions provided by his treating physician. Defendant maintains that the ALJ had no obligation to recontact Dr. Davis because the opinions were not relevant.

Plaintiff has degenerative arthritis in both of his knees. Dr. Davis treated plaintiff's knee impairment between January, 1988, and January, 2002 (R. 184, 186-87, 193-94, 228-42). In May, 1996, Dr. Davis performed arthroscopic surgery on plaintiff's right knee. He diagnosed "advanced degenerative arthritis and loose body right knee" (R. 230). Following surgery, plaintiff made excellent progress and was doing well. Dr. Davis reported that plaintiff walked independently without support, had little crepitus, minimal effusion, and no instability. Dr. Davis also reported that plaintiff's pre-operative pain had been relieved and that plaintiff rarely took his prescribed pain medication. Dr. Davis instructed plaintiff to continue with a rehabilitative exercise program and advised him to use protective body mechanics. He did not suggest that plaintiff was disabled or describe any restriction on plaintiff's activities (R. 229).

Prior to and after plaintiff's insured status expired, he did temporary security work that

required him to walk and stand for 12-hour shifts over a period of 11 days (R. 110, 116).

On December 4, 2001, more than three years after plaintiff's insured status expired, Dr. Davis reevaluated plaintiff's condition and diagnosed advanced degenerative joint disease of plaintiff's knees and ankles (R. 249-50). He formed the opinion that plaintiff should be eligible for social security benefits (R. 228).

On January 17, 2002, following initial injection treatment with signs of improvement, Dr. Davis wrote that plaintiff was permanently disabled due to severe degenerative joint disease in both knees (R. 243, 244, 245, 231). Plaintiff's condition continued to improve with additional injection treatments (R. 241-242).

ALJs have a duty to develop a full and fair record. *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000). However, because plaintiff was represented by counsel during the administrative proceedings, the ALJ was entitled to assume that he presented his strongest case for an award of benefits. *Glenn v. Secretary of Health and Human Services*, 814 F.2d 387, 391 (7th Cir.1987). ALJs may exercise reasoned judgment in deciding how much information is needed to reach a determination. Speculation that additional information might have been obtained is insufficient. Plaintiff must point to specific facts that were not brought out in the hearing. In other words, a significant omission is required before the Court will find that the administrative record is not full and fair. *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994); *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997).

ALJs must re-contact a treating physician when the evidence is inadequate to determine whether a claimant is disabled. 20 C.F.R. § 404.1512(e). Also, if a treating physician's opinion on an issue reserved to the Commissioner is not supported and the basis of the opinion cannot be

ascertained, the ALJ must attempt to obtain clarification of the reasons for the opinion. Social Security Ruling 96-5p.

Plaintiff believes that Dr. Davis knew how much degeneration existed prior to the expiration of his insured status on March 31, 1997, and could have estimated plaintiff's physical ability to perform standing and walking activities in light of the internal knee structure observed first hand during arthroscopic surgery. Defendant argues that the ALJ rationally declined to recontact Dr. Davis regarding the basis for opinions formed several years after plaintiff's insured status expired.

The administrative record includes medical information prior to, during, and after the relevant time period. The ALJ collected details regarding plaintiff's medical history, clinical and laboratory findings, diagnoses, treatment, and plaintiff's response to treatment (R. 135-253). This information gave the ALJ sufficient information about the nature and severity of plaintiff's knee ailment to make a decision. In other words, a rational ALJ could review the evidence collected and decide that a medical opinion about what plaintiff could still do despite his impairments prior to March 31, 1997, was not necessary. See 20 C.F.R. 404.1514 (b)(6) (opinion evidence is not needed for a complete medical report). Moreover, the opinions reported by Dr. Davis in 2001 and 2002 did not help the ALJ understand the impact of plaintiff's ailments on his ability to work during the time he was insured and eligible for benefits. Because the opinions were not relevant to the determination the ALJ was required to make, the ALJ had no obligation to recontact Dr. Davis for clarification of the basis of those opinions. Speculation that Dr. Davis might be able to offer an opinion regarding plaintiff's limitations prior to the expiration of his insured status is not grounds for remand.

## II.    Evaluation of Medical Evidence

Plaintiff argues that the ALJ failed to analyze medical evidence regarding crucial strength

functions for standing and walking before deciding that plaintiff retained the ability to perform a full range of light work. Respondent maintains that the ALJ reasonably evaluated the medical evidence and made a decision that is supported by substantial evidence.

Plaintiff also argues that the ALJ failed to discuss or explain how obesity limits his ability to perform work-related functions. Defendant argues that the ALJ factored obesity into his conclusions.

Residual functional capacity is an assessment based on all the relevant evidence. It describes the most a person can do on a regular and continuing basis despite his or her limitations. 20 C.F.R. § 404.1545. Residual functional capacity assessments must include a narrative discussion describing how the evidence supports the conclusions. Social Security Ruling 96.8p. With respect to a person's physical abilities to meet the requirements of work, a job that requires a good deal of walking or standing falls into the "light" category of work. 20 C.F.R. §404.1567.

ALJs assess obesity by considering how the condition causes physical or mental limitations over time. Social Security Ruling 02-01p. They are not required to devise a link between specific functional limitations and medical ailments. Rather, ALJs consider the combined effect of impairments. 20 C.F.R. §§ 404.1523, 404.1545(a)(2).

In assessing plaintiff's ability to perform physical work functions prior to March 31, 1997, the ALJ summarized the evidence and explained how he weighed evidence that might demonstrate that plaintiff lacked the ability to perform physical work demands. In relating his assessment that plaintiff could perform light work, the ALJ considered and discussed treatment records and other information describing the nature and severity of plaintiff's medical conditions during the relevant period (R. 18-20).

The ALJ's evaluation of the medical evidence is adequate. The decision shows that relevant

–7–

information was considered and permits the Court to follow the ALJ's reasoning. *Books v. Chater*, 91 F.3d 972, 980 (7th Cir. 1996). The ALJ considered reports of excess weight and decided that plaintiff was obese. The ALJ did not speculate on how this condition affected plaintiff during the relevant time period. Rather, the ALJ relied on credible information in the record, including treatment notes (showing that plaintiff achieved relief from his symptoms following a successful surgery, rarely took prescribed pain medication, and was not restricted in his activities) and work records showing that plaintiff stood and walked for lengthy periods of time prior to the expiration of his insured status (R. 19-20, 110, 116, 122, 229).

The ALJ rationally declined to assume or infer that plaintiff's medical conditions affected him in ways that prevented him from performing the strength requirements of light work.

### III. Assessment of Plaintiff's Credibility

Plaintiff also challenges the ALJ's credibility assessment, arguing that it fails to comport with the evidence. Defendant argues that the ALJ reasonably found that plaintiff's subjective allegations were not fully credible.

Plaintiff described symptoms of aching and swelling and said he had a limited ability to remain in one position, sit, lift, and walk without added support. He said he used a cane prescribed by Dr. Davis all the time and had done so since the 1980s (R. 37-46). The ALJ determined that plaintiff somewhat exaggerated the intensity of his symptoms and limitations, noting that his statements were not fully supported by the medical evidence. The ALJ specifically pointed to a lack of corroboration in Dr. Davis' records regarding plaintiff's need for an assistive device (R. 19).

An ALJ is allowed to weigh and consider evidence and make credibility judgments about evidence. *Stephens v. Heckler*, 766 F.2d 284, 287-88 (7th Cir. 1985). A reviewing court gives substantial deference to and will not upset a credibility determination unless it is "patently wrong."

*Edwards v. Sullivan*, 985 F.2d 334, 338 (7th Cir. 1993).

Plaintiff suggests that the assessment is wrong because the ALJ did not have complete reports from Dr. Davis and did not request additional records before finding an inconsistency between Dr. Davis' records and plaintiff's testimony. The Court has no reason to believe that the records obtained from Dr. Davis are incomplete. As noted above, the ALJ was entitled to assume that plaintiff was presenting his strongest case for benefits. Speculation that Dr. Davis might have prepared additional records describing plaintiff's need for a cane is not grounds for remand.

Moreover, the ALJ was entitled to find that plaintiff's testimony was not supported by medical evidence, including treatment notes demonstrating that, following surgery using an arthroscope, plaintiff's knee joint was stable, his symptoms were relieved, and he walked without assistance. Inconsistency is a valid and rational basis to reduce the weight assigned to evidence. The ALJ's analysis of plaintiff's testimony is based on logic and is not patently wrong.

### IV. Conclusion

The Commissioner's final decision regarding Andrew Vaughn Sr.'s August, 2001, application for disability benefits is AFFIRMED. Judgment shall enter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

**DATED:** May 9, 2006 .

 S/Philip M. Frazier
 **PHILIP M. FRAZIER**
 **UNITED STATES MAGISTRATE JUDGE**